UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
DR. MARIA-LUCIA ANGHEL,

                Plaintiff,

      -against-

NEW YORK STATE DEPARTMENT OF
HEALTH, CLAUDIA MORALES BLOCH,
individually and in her official capacity,
KATHRYN LEONE, individually and in her
official capacity, HAROLD ROSENTHAL,
individually and in his official capacity,
LABORATORY INVESTIGATIVE
UNIT:WADSWORTH CENTER, EILEEN
HEAPHY, individually and in her official
capacity, COLLEEN FLOOD, individually and
in her official capacity MICHAEL WEINSTEIN,
individually and in his official capacity,
STEPHAN PETRANKER, M.D., individually
and in his official capacity, OFFICE OF
PROFESSIONAL MISCONDUCT, KEITH
SERVIS, individually and in his official
capacity, ROY NEMERSON, individually and in
his official capacity, NIRAV SHAH, M.D.
individually and in his official capacity,
ANDREW CUOMO, ERIC T.
SCHNEIDERMAN, individually and in his
official capacity, UNITED HEALTHCARE,
MICHAEL STEPHANO, individually and as an
employee of United Healthcare, THE BOARD
OF PROFESSIONAL MEDICAL CONDUCT,

                Defendants.
---------------------------------------------------------X

**MEMORANDUM OF DECISION AND ORDER**
2:12-CV-03484 (ADS)(WDW)

**APPEARANCES:**

**Patrick Michael Megaro Attorney and Counselor at Law**
*Attorney for the Plaintiff*
626 RXR Plaza
6th Floor, West Tower
Uniondale, NY 11556
   By: Patrick Michael Megaro, Esq., Of Counsel

**Eric T. Schneiderman, Attorney General of the State of New York**
*Attorneys for the Defendants New York State Department of Health, Claudia Morales Bloch, Kathryn Leone, Harold Rosenthal, Laboratory Investigative Unit: Wadsworth, Eileen Heaphy, Colleen Flood, Michael Weinstein, Stephan Petranker, MD., Office Of Professional Medical Conduct, Keith Servis, Roy Nemerson, Nirav Shah, MD., Andrew Cuomo, Eric T. Schneiderman, The Board of Professional Medical Conduct*
200 Old County Road, Suite 240
Mineola, NY 11501
   By: Ralph Pernick, Assistant Attorney General

**Robinson & Cole, L.L.P.**
*Attorneys for the Defendants United HealthCare and Michael Stephano*
Financial Centre
666 Third Avenue, 20th Floor
New York, NY 10017
  By: Laura Torchio, Esq.
      Joseph L. Clasen, Esq., Of Counsel

**SPATT, District Judge**.

On July 13, 2012, the Plaintiff Dr. Maria-Lucia Anghel filed this action against various New York State entities, senior state officials, and United HealthCare. The complaint asserts numerous causes of action, including violations of due process and equal protection, fraud, and conversion. On May 29, 2013, the Court granted the respective motions to dismiss by three groups of defendants and dismissed the amended complaint with prejudice. On May 30, 2013, judgment was entered in favor of the Defendants.

Presently pending before the Court is (1) a motion by the Plaintiff to reconsider the motion to dismiss the amended complaint; (2) a motion by the Plaintiff for leave to file an amended motion for reconsideration of the motion to dismiss the amended complaint; and (3) a request, not formalized in a motion, by the Defendants United HealthCare and Michael Stephano for attorneys' fees in connection with litigating the motions for reconsideration. For the following reasons, the Court (1) grants the Plaintiff leave to file an amended motion for

reconsideration; (2) denies the original motion for reconsideration as moot; (3) denies the amended motion for reconsideration; and (4) denies the request for attorneys' fees.

## I. BACKGROUND

The parties' familiarity with the relevant facts and procedural history is assumed and need not be recounted at length here. On July 13, 2012, the Plaintiff filed this action against the Department of Health and three of its subdivisions, namely the Laboratory Investigative Unit: Wadsworth Center (LIU), the Office of Professional Misconduct (OPMC), and the Bureau of Professional Medical Conduct (BPMC) (collectively the DOH); the Commissioner of the DOH Nirav Shah, M.D.; Governor Cuomo; and Attorney General Schneiderman (collectively the Senior State Officials); Claudia Morales Bloch, Kathryn Leone, Harold Rosenthal, Eileen Heaphy, Colleen Flood, Michael Weinstein, Stephan Petranker, MD., Keith Servis, and Roy Nemerson (collectively the Individual Defendants); and United HealthCare and one of its employees, Michael Stephano (the United Defendants). The gravamen of the Plaintiff's allegations is that her medical license was wrongfully and unconstitutionally revoked.

The Plaintiff interposed thirteen causes of action against the varying parties sounding in (1) unreasonable search and seizure; (2) abuse of process; (3) first amendment retaliation; (4) perjury; (5) subornation; (6) fraud upon a court; (7) state law trespass; (8) fraud pursuant to Fed. R. Civ. P. 9(b) and CPLR 3016; (9) due process and equal protection violations in violation of 42 U.S.C. § 1983; (10) substantive due process; (11) stigma-plus; (12) interference with her rights in violation of 42 U.S.C. § 1985; and (13) state law conversion. As stated above, separate motions to dismiss were filed by (1) the DOH and the Senior State Officials; (2) the Individual State Defendants; and (3) the United Defendants.

On May 29, 2013, the Court granted the respective motions to dismiss and dismissed the amended complaint with prejudice, finding that "the Plaintiff had failed to properly plead any cause of action." (Mem and Order, at 24.) With respect to the motion by DOH and the Senior State Officials, the Court found that it "lack[ed] subject matter jurisdiction over the claims asserted against them by virtue of the Rooker-Feldman Doctrine." (Id. at 8.) In this regard, the Court held that "the central issue [the Plaintiff] alleges as the basis of h[er] federal constitutional claim[s] we[re] actually and necessarily decided against h[er] in the [New York Civil Practice Law and Rules] Article 78 proceeding by the Appellate Division's ruling that the State's revocation of [the plaintiff]'s medical license was not arbitrary or capricious, was not contrary to law and was supported by a rational and substantial basis in fact." (Id. at 10, citing Harris v. New York Dept. of Health, 202 F. Supp. 2d 143, 165 (S.D.N.Y. 2002)

The Court also held that the Plaintiff was collaterally estopped from asserting her claims against the DOH and Individual State Defendants. Citing the extensive Appellate Division decision, Matter of Anghel v. Daines, 86 A.D.3d 869, 927 N.Y.S.2d 710 (3d Dept. 2011), the Court determined that the Plaintiff's due process and arguments regarding the admission of certain evidence at the BPMC hearing were fully and fairly litigated on the merits in the state court Article 78 proceeding. In addition, the Court held that the Plaintiff's claims against the DOH and the Senior State Officials, at least in their official capacities, were barred by the Eleventh Amendment and principles of sovereign immunity. The Court further held that "to the extent the Senior State Officials were sued in their individual capacities, the claims fail for lack of an allegation of personal involvement" on the part of those officials. (Id. at 16.)

Turning to the motion to dismiss by the Individual State Defendants, the Court held that inasmuch as the Plaintiff sought monetary recovery against them in their official capacities, those

4

claims were barred by the Eleventh Amendment. Further, the Court reasoned that "the Plaintiff's claims against the individual defendants in their personal capacities [we]re barred by the doctrine of absolute immunity." (Id. at 17.) The Court observed that absolute immunity applies to (1) administrative proceedings like that before the BPMC; (2) prosecutorial-type litigators such as the Individual State Defendants; and (3) testifying witnesses, such as Heaphy and non-state employee Petranker.

Finally, with respect to the motion to dismiss by the United Defendants, the Court determined that certain claims against them were "invalid on their face" or collaterally estopped as a matter of law. The Court determined that the Plaintiff's remaining claims – including her federal 42 §§1983 and 1985 claims and her state law conversion claim – failed to state a cause of action.

On May 30, 2013, judgment was entered in favor of all the Defendants.

On June 13, 2013, the Plaintiff, represented by new counsel, moved for reconsideration of the judgment. On June 19, 2013, before any of the Defendants responded to that motion, the Plaintiff moved for leave to file an amended motion for reconsideration of the judgment, providing additional facts and arguments. On June 27, 2013, the DOH, the Senior State Officials, and the Individual State Defendants filed opposition papers in which they directed their arguments at the amended motion for reconsideration of the judgment. That same day, the United Defendants also filed opposition papers and requested an award of attorneys' fees pursuant to 28 U.S.C §1927. On July 3, 2013, the Plaintiff filed reply papers, addressing the request by the United Defendants for attorneys' fees.

The Plaintiff's motion for leave to file an amended motion for reconsideration of the May 30, 2013 judgment is granted as unopposed and the original motion for reconsideration is denied

as moot. Therefore, the Court will now consider the merits of the Plaintiff's amended motion for reconsideration.

## II. DISCUSSION

### A. <u>**Motion for Reconsideration**</u>

A motion for reconsideration in the Eastern District of New York is governed by Local Rule 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." <u>Shrader v. CSX Transp., Inc.</u>, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." <u>Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.</u>, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

The Plaintiff argues that the Court did not expressly address her outstanding motion to expedite discovery and pretrial proceedings or her request for a three-Judge Panel and an expedited trial. However, on February 27, 2013, United States Magistrate Judge William D. Wall issued an electronic order "denying [the] [m]otion to [e]xpedite to renewal after the motions to dismiss are decided. To the extent that the plaintiff seeks other relief, those issues will be addressed by the trial judge." Insofar as the Plaintiff seeks a three-judge panel, the Court denies that motion as moot in light its prior decision, adhered to here, dismissing the complaint.

On the merits, the Plaintiff asserts that the Court erred in applying the <u>Rooker-Feldman</u> doctrine. Because the Court previously addressed the <u>Rooker-Feldman</u> doctrine *sua sponte*, the Court will, on reconsideration, again address this argument. Although not directly referenced by

the Plaintiff, it has come to the Court's attention that the Court's reliance on Harris is undercut by the more recent decision of Hoblock v. Albany Cty. Bd. of Elecs., 422 F.3d 77, 84 (2d Cir. 2005).

In Hoblock, the Second Circuit rigorously re-examined the Rooker–Feldman doctrine in light of the Supreme Court's decision in Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). The Second Circuit noted that Exxon Mobil had reduced the expanse of the Rooker–Feldman doctrine, "holding that it 'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Hoblock, 422 F.3d at 85 (quoting Exxon Mobil, 544 U.S. at 284, 125 S. Ct. 1517). Thus, the Second Circuit delineated four requirements for the application of Rooker–Feldman: (1) "the federal-court plaintiff must have lost in state court"; (2) "the plaintiff must complain of injuries caused by a state court judgment"; (3) "the plaintiff must invite district court review and rejection of that judgment"; and (4) "the state-court judgment must have been rendered before the district court proceedings commenced." Id. at 85 (internal citations and quotations omitted).

A plaintiff's injuries are not "caused by a state court judgment" when the state court "simply ratified, acquiesced in, or left unpunished" the actions of a third party. Id. at 88. In addition, "a party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed prior in time to the state-court proceedings, and so could not have been 'caused by' those proceedings." McKithen v. Brown, 481 F.3d 89, 98 (2d Cir. 2007); see also Swiatkowski v. Citibank, 745 F. Supp. 2d 150, 164 (E.D.N.Y. 2010), affd, 446 F. Appx 360 (2d Cir. 2011).

7

For example, "[c]ourts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker–Feldman doctrine." Feinstein v. The Chase Manhattan Bank, No. 06 CV 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 5, 2006); see also Webster v. Wells Fargo Bank, N.A., No. 08 Civ. 10145, 2009 WL 5178654, at *5 (S.D.N.Y. Dec. 23, 2009). However, unlike a state foreclosure judgment, the state judgment in this case did not revoke the Plaintiff's medical license. Rather, the state Appellate Division merely "ratified" the Hearing Committee of the BPMC revocation of the Plaintiff's medical license. For this reason, the Court finds that the Plaintiffs' claims are not, indeed, barred by the Rooker-Feldman doctrine.

Nonetheless, the Court only applied the Rooker-Feldman doctrine to the claims asserted by the DOH and Senior State Officials, and the Court's decision as to those the Defendants rested on multiple grounds – namely collateral estoppel and sovereign immunity under the Eleventh Amendment. In the Court's view, the Plaintiff fails to raise a new argument nor did the Court overlook a fact that would warrant reconsideration of the May 30, 2013 judgment.

As to collateral estoppel,

> [i]n determining whether a party had a full and fair opportunity to litigate the issue, the New York Court of Appeals has instructed that "the various elements which make up the realities of litigation," should be explored, including "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation.

Kosakow v. New Rochelle Radiology Associates, P.C., 274 F.3d 706, 734 (2d Cir. 2001), quoting Schwartz v. Public Adm'r, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 246 N.E.2d 725 (1969). Again, the Court notes that the administrative hearing lasted 19 days before the Hearing

8

Committee of the BPMC; the Plaintiff was represented by counsel; and the Plaintiff had the incentive to litigate her claims vigorously, given that her medical license was at stake.

Alternatively, the Court finds that the claims asserted against the DOH and Senior State Officials in their official capacities are barred by sovereign immunity, and in the case of the DOH, the Eleventh Amendment. Miller v. Carpinello, No. 06 Civ. 12940 (LAP), 2007 WL 4207282, at *2 (S.D.N.Y. Nov. 20, 2007).

With respect to the claims interposed against the Senior State Officials and Individual State Defendants in their individual capacities, the Plaintiff contends that the Court improperly held that these claims were barred by sovereign immunity. As an initial matter, the Plaintiff cites to the abrogated case of Conley v. Gibson, 355 U.S. 41, 46, 78 S. Ct. 99 (1957) "no set of facts" pleading standard. Aschcroft v. Igbal, 556 U.S. 662, 670, 129 S. Ct. (1937)("Twombly retired the Conley no-set-of-facts test relied upon by the District Court.") In any event, contrary to the Plaintiff's contention, the Court did not hold that claims by those plaintiffs were barred by sovereign immunity. Rather, the Court held that "the Plaintiff's claims against the individual defendants in their personal capacity are barred by the doctrine of absolute [not sovereign] immunity" which protect public officials from tort suits for discretionary acts committed within the scope of their authority. (Mem and Order, at 17.)

Turning to the claims asserted against the United Defendants, the Plaintiff contends, among other things, that the Court's finding "as a matter of law, there is no allegation that the United Defendants were willful participants in a joint activity or that they acted under color or state law as part of a §1983 conspiracy" contradicts its finding "that United Defendants acted under the color of law by summoning the aid of the State to investigate the Plaintiff for committing improper acts and provided the State with information in support of the State's

9

independent investigation." (Id. at 22.) However, the Plaintiff fails to recognize that the Court held that "the fact that the United Defendants reported the Plaintiff to POLEP because of improper billing forms does not provide a basis for liability under Section 1983." (Id. at 21), Drayton v. Toys 'R' Us Inc., 645 F. Supp. 2d 149, 163 (S.D.N.Y. 2009) ("'[F]urnishing information to the police does not by itself make someone a joint participant in state action under Section 1983.'") (quoting Valez v. City of N.Y., No. 08 Civ. 3875, 2008 WL 5329974, at *3 (S.D.N.Y. Dec. 16, 2008)).

With respect to the Plaintiff's conversion claim, even if a medical license constituted "a specific identifiable thing," the unauthorized dominion of which provides a basis for a conversion claim, the United Defendants, as a private insurance company and one of its employees, have no authority to exercise such authority. As the Plaintiff acknowledges, the Hearing Committee of the BPMC rendered the decision to revoke her medical license. As to the Plaintiff's other claims – including for fraud – the Court adheres to its prior determination that they are either invalid on their face or fail to survive scrutiny in the Rule 12(b)(6) context.

**B. As to the United Defendants' Request for Attorneys Fees**

In the United Defendants' opposition papers to the Plaintiff's motions to reconsider the May 30, 2013 judgment, they request attorneys' fees pursuant to 28 U.S.C. §1927 for having to respond to, what they consider, a frivolous motion for reconsideration. The United Defendants did not "file[] a formal notice of motion so that an appropriate schedule for responsive papers could be established." Haywin Textile Products, Inc. v. Int'l Fin. Inv. & Commerce Bank Ltd., 00 CIV. 8633 RLC, 2001 WL 984721, at *5 (S.D.N.Y. Aug. 24, 2001) affd, 38 F. Appx 96 (2d Cir. 2002). However, a court has discretion to consider documents filed in violation of procedural rules, see Ruggiero v. Warner–Lambert Co., 424 F.3d 249, 252 (2d Cir. 2005), and

here, the Plaintiff had the opportunity to and did respond to the request for attorney fees in her reply papers on the motion for reconsideration. With respect to this situation only, the Court will consider the United Defendants request for attorneys' fees despite the absence of a formal motion with regard to that desired relief.

Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. "Courts in this circuit construe the statute 'narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law.'" Romeo v. Sherry, 308 F.Supp.2d 128, 148 (E.D.N.Y. 2004) (quoting Mone v. C.I.R., 774 F.2d 570, 574 (2d Cir. 1985)). The purpose of the statute is to deter dilatory tactics, unnecessary delays in litigation, and bad faith conduct by attorneys. Id. (citing United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL–CIO, 948 F.2d 1338, 1345 (2d Cir. 1991); Hudson Motors P'ship v. Crest Leasing Enters., Inc., 845 F. Supp. 969, 978 (E.D.N.Y. 1994); Herrera v. Scully, 143 F.R.D. 545, 551–552 (S.D.N.Y. 1992)). Applying this demanding standard, and in the absence of allegations of dilatory tactics or bad faith, the Court declines to award attorneys' fees to the United Defendants. Indeed, the Court notes, while it does not disturb the May 30, 2013 judgment, the Plaintiff persuaded the Court to depart from its prior reasoning regarding the Rooker-Feldman doctrine in the underlying Memorandum and Order.

## III. CONCLUSION

Having reviewed the Plaintiff's motion and the Defendants' responsive submissions, the Court finds that the demanding standard for reconsideration has not been met by the Plaintiff. For the foregoing reasons, it is hereby

**ORDERED,** that the Plaintiff's motion for leave to file an amended motion for reconsideration of the judgment of the Court dated May 30, 2013 is granted; and it is further

**ORDERED,** that the Plaintiff's original motion for reconsideration is denied as moot; and it is further

**ORDERED,** that the amended motion for reconsideration of the judgment is denied; and it is further

**ORDERED**, that the request for attorneys' fees by the United Defendants is denied.

**SO ORDERED.**
Dated: Central Islip, New York
July 20, 2013

　　　　　　　　　　　　　　　　　　　　　　　　　　　_/s/ Arthur D. Spatt_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　ARTHUR D. SPATT
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge